UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY DENNIS FIELD

                Plaintiff,

   v.

SNOHOMISH COUNTY CORRECTIONS CENTER, *et al*.,

                Defendants.

Case No. C14-1347-TSZ-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Gregory Field brings this civil rights action under 42 U.S.C. § 1983 to allege that his First Amendment rights were violated during the course of his confinement at the Snohomish County Jail ("SCJ") in 2014. Plaintiff identifies as defendants in his complaint the Snohomish County Corrections Center and SCJ Classification Officers Tony Cedric and Dave Oster.[1] Plaintiff requests relief in the form of a directive to SCJ that the facility honor religious diet preferences and that plaintiff be allowed access to the law library so that he may pursue this matter.

---

[1] Defendants note in their motion for summary judgment that "Tony Cedric" is George Shedrick, Jr. who commonly goes by the name "Tony," and that "Dave Oster" is David Oster.

REPORT AND RECOMMENDATION - 1

Defendants now move for summary judgment.[2] Plaintiff has been advised of the summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), but has filed no response to defendants' motion. (*See* Dkt. 19.) The Court, having reviewed defendants' motion, and the balance of the record, concludes that defendants' motion for summary judgment should be granted and that plaintiff's complaint, and this action, should be dismissed without prejudice.

## DISCUSSION

Plaintiff alleges in this action that defendants denied him his religious diet preferences in violation of his rights under the First Amendment. Defendants argue in their motion for summary judgment that plaintiff's claims should be dismissed because plaintiff cannot establish a claim pursuant to § 1983, because plaintiff failed to exhaust his administrative remedies, and because plaintiff's request for injunctive relief is moot since he is no longer confined at the SCJ. Defendants also argue that plaintiff's lawsuit is frivolous and plaintiff should therefore be assessed a "strike" under 28 U.S.C. § 1915(g).

### Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are facts which might affect the outcome of the pending action under governing law. *See Anderson*, 477 U.S. at 248. Genuine

---

[2] The undersigned previously issued a Report and Recommendation recommending that Snohomish County Corrections be dismissed from this action. (Dkt. 20.) On March 3, 2105, the Honorable Thomas S. Zilly, United States District Judge, issued an Order adopting the Report and Recommendation and dismissing Snohomish County Corrections as a defendant. (*See* Dkt. 32.)

REPORT AND RECOMMENDATION - 2

disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252.

<u>Exhaustion</u>

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id*. at 93-95. If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam).

The SCJ has a grievance procedure through which inmates may seek review of complaints regarding facility conditions or actions by staff members. (*See* Dkt. 16 at 5.) The SCJ process involves first attempting to resolve complaints informally with staff. (*See id*.) If this informal attempt at resolution is unsuccessful, an inmate who wishes to pursue a grievance

REPORT AND RECOMMENDATION - 3

must file a written grievance on a form provided by SCJ. (*See* Dkt. 16 at 5.) Ordinarily, these written grievances are reviewed and responded to by a first line supervisor. (*Id.*) An inmate may appeal the grievance decision of a first line supervisor. (*Id.*) Appeals of grievance decisions are sent to either a major or to the Bureau Chief of Snohomish County Corrections. (*Id.*) A decision by the major or the Bureau Chief constitutes a final decision. (*Id.*)

Defendants acknowledge in their motion papers that plaintiff filed a grievance on September 6, 2014 in which he claimed that he had made several requests for a religious diet and for religious materials, and that "Tony Cedric" and "Dave Oster" denied those requests "for frivolous reasons." (Dkt. 17, Ex. L.) Defendants note, however, that plaintiff did not file the grievance until *after* he had already submitted his civil rights complaint to this Court for filing. (Dkt. 13 at 20.) Defendants further note that after Corrections Captain Kevin Young denied plaintiff's grievance in a memorandum issued on September 15, 2014, plaintiff failed to file any appeal of the decision. (*Id.*) Defendants argue that plaintiff therefore failed to exhaust his administrative remedies. (*Id.*)

Plaintiff offers no evidence demonstrating that he did, in fact, properly exhaust his administrative remedies with respect to his claim concerning the denial of his requests for a religious diet and, thus, his complaint must be dismissed under 42 U.S.C. § 1997e(a). Given that plaintiff failed to properly exhaust his administrative remedies before filing the instant action, this Court does not reach defendants' arguments concerning the merits of plaintiff's claims.

## CONCLUSION

Based on the foregoing, this Court recommends that defendants' motion for summary judgment be granted and that plaintiff's complaint, and this action, be dismissed without prejudice. This Court further recommends that defendants' invitation to assess a "strike" against

REPORT AND RECOMMENDATION - 4

plaintiff under 28 U.S.C. § 1915(g) be declined given that the Court has not reached the merits of plaintiff's claims.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 3, 2015** .

DATED this 9th day of March, 2015.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5